RCVD - USDC - CHAS, SC
2025 OCT 17 PM 2:20

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| JERMAINE BILLIE<br><br>Plaintiff,<br><br>v.<br><br>CREDENCE RESOURCE<br>MANAGEMENT, LLC<br><br>Defendant. | CASE NO: 2:25-cv-00861-B HH-MGB |

## PLAINTIFF'S PROPOSED OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(a), the Plaintiff Jermaine Billie, appearing as *pro se*, respectfully submits these objections to the Magistrate Judge's Order entered on October 7th, 2025 [ECF No. 33].

The Magistrate Judge Orders denied the Plaintiff's Motion for Reconsideration and Motion to Vacate filed on June 9th, 2025 [ECF No. 14]; as well as Plaintiff's Motion for Sanctions and Supplemental Affidavit with supporting documents filed on June 11, 2025 [ECF No. 15 and 16].

## APPLICABLE LAW

1

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber, 423 U.S. 261 (1976)*. The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See *28 U.S.C. § 636(b)*. The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005)* (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **PLAINTIFF'S OBJECTIONS AND REQUEST FOR DE NOVO REVIEW**

1. The Defendant was properly served with the Summons and Complaint on May 19, 2025, in accordance with Federal Rule of Civil Procedure 4(c)(1) [ECF No. 10]. Service was effected upon a competent person authorized to accept service on behalf of the Defendant, thereby completing service of process.

2. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), a defendant must serve an answer within 21 days after being served with the summons and complaint. Plaintiff, appearing *pro se*, acknowledges that under Federal Rule of Civil Procedure 6(b)(1), the Court may grant an extension of time upon

request; however, the Rule requires that such an extension be granted only for good cause shown. In this case, Defendant failed to demonstrate good cause for its request for an extension of time.

3. On 18 April 2025, prior to service of process, Defendant's counsel of record contacted Plaintiff via email to inform him of approved leave dates, thereby excusing counsel's absence on those dates. This correspondence demonstrates that Defendant had already retained legal representation, as there would be no reason for an unrelated law firm to contact Plaintiff regarding this matter, let alone prior to being served. The Plaintiff provided this evidence as an Exhibit in his Motion for Reconsideration and to Vacate.

4. Despite being properly served on May 19, 2025, the Defendant did not file its Motion for Extension of Time to Answer the Complaint until Friday, June 6, 2025 [ECF No. 11], with the original deadline to answer set for June 9, 2025, at approximately 1:15 PM. Remarkably, at approximately 3:34 PM—just over two hours after the motion was filed—the Magistrate Judge granted the Defendant's request and afforded a full 21-day extension, as though the Defendant had only just been served with the Summons and Complaint.

5. Although the Defendant filed its motion for an extension within the original deadline, it failed to demonstrate good cause warranting such relief. As the court in *U.S. Home Corp. v. Settlers Crossing, LLC* explained, "Although [the movant] filed its motion before the original time for filing objections expired, it must nonetheless show 'good cause' for extending the deadline. See *U.S. Home Corp. v. Settlers Crossing, LLC, No. 8-1863, 2012 U.S. Dist. LEXIS 114444, *54-*56 (D. Md. Aug. 14, 2012)* Under Federal Rule of

3

Civil Procedure 6(b), the mere fact that a motion is timely does not relieve the moving party of its burden to establish good cause for the requested extension.

6. The Defendant's stated reasons for seeking an extension—namely, that counsel was only recently assigned to the case and that lead counsel's vacation coincided with the answer deadline—did not constitute good cause or excusable neglect under the Federal Rules. The timing of when a party chooses to retain counsel is not a factor contemplated by the Rules, which impose obligations directly on the Defendant, not on its chosen legal representative. This should have been acknowledged by the Magistrate Judge, but was not taken into consideration to prevent prejudice against the Plaintiff. As the court in *U.S. Home Corp. v. Settlers Crossing, LLC* made clear, even when a motion for extension is filed before the deadline, the movant must still demonstrate good cause for the requested relief. Mere inconvenience or internal decisions regarding counsel assignment and scheduling do not satisfy this standard. The Rules are explicit in applying to the parties themselves, regardless of when or how they secure legal representation.

7. Furthermore, the Defendant's assertion that it had only "recently obtained counsel" was a misrepresentation of the facts. The same attorney who claimed to have been newly assigned had, in fact, contacted the Plaintiff *prior* to service of process to communicate approved leave dates. The Plaintiff reiterates that this evidence was submitted to the Court by the Plaintiff in his Motions.

8. Additionally, the Defendant was under no legal obligation to be represented

by counsel in this matter. Thus, the claim of "recently retaining counsel" was not only meritless, but also failed to establish either good cause or excusable neglect under the Federal Rules. The Rules impose procedural obligations directly upon the Defendant, regardless of when—or whether—it chooses to retain legal representation.

Internal decisions concerning counsel assignment or scheduling do not meet the standard for excusable neglect or good cause required to justify an extension of time. Moreover, the Defendant failed to specify the actual date on which counsel was allegedly retained, instead offering an unverified and conclusory statement, which the Court accepted without inquiry or evidentiary support.

9. The Defendant's counsel's claim that a vacation commencing on the answer deadline constitutes "excusable neglect" is unavailing. The appropriate course of action for counsel facing a scheduling conflict was to seek leave from the Court in advance, not to rely on personal travel plans as a basis for delay. The Plaintiff maintains that, were the roles reversed and he chose to begin a vacation on a known deadline, the Court would not accept such a justification as excusable neglect for failing to meet a required filing date. Regardless of his pro se status, and even if Courts allow minimal leniency. Under the Federal Rules, excusable neglect encompasses circumstances beyond a party's control, such as inadvertence or unforeseen emergencies, but does not extend to voluntary scheduling decisions or lack of diligence. Courts have consistently held that clients are accountable for the acts and omissions of their attorneys, and personal convenience or vacation plans do not meet the threshold for excusable neglect.

10. As a *pro se* litigant, the Plaintiff was unable to electronically file his oppositions on June 6, 2025. Consequently, the earliest opportunity for the Plaintiff to submit his opposition to the Magistrate Judge's order granting the extension was Monday, June 9, 2025, in person. On that date, the Plaintiff filed a Motion for Reconsideration and Motion to Vacate the Magistrate Judge's Order, attaching supporting evidence and documentation, including email correspondence from the Defendant confirming approved leave dates, which were not the same as stated in its Motion for Extension, and proved the Defendant had legal representation at the time of service.

11. However, the Magistrate Judge disregarded the facts and evidence submitted by the Plaintiff and nonetheless granted the Defendant a full additional 21 days to answer the Complaint. This decision prejudiced the Plaintiff's right to due process by failing to consider the timely and substantiated objections and supporting documentation provided by the Plaintiff. The Plaintiff's inability to e-file as a *pro se* litigant, and his prompt submission of a Motion for Reconsideration with supporting evidence on the earliest possible date, were not addressed in the Magistrate Judge's order, resulting in a denial of meaningful consideration of the Plaintiff's position and undermining the fairness of the proceedings.

12. It is evident that the Defendant was properly served and secured legal representation within a reasonable period. Accordingly, if Defendant's counsel failed to timely answer the Complaint, the Defendant itself must be held accountable under the applicable rules. As the Supreme Court has made clear, "clients may be held accountable for their attorney's acts and omissions." See, e.g., *Link v. Wabash R. Co., 370 U.S. 626 (1962)*

13. Therefore, if the Defendant neglected to obtain legal representation within a reasonable time, such neglect should not be deemed "excusable." Permitting these insufficient reasons to justify additional time unfairly prejudices the Plaintiff. The actions or inactions of one party should not result in prejudice to the other. Fundamental fairness and due process, as guaranteed by the Fifth and Fourteenth Amendments of the U.S. Constitution requires that both parties be held to the same procedural standards and that neither party's neglect—especially when within their control—be used to disadvantage the opposing party. See *United States v. Clark, 51 F.3d 42 (5th Cir. 1995) (dicta) (incorrect application of rules in calculating time to file appeal might not be excusable neglect)*

14. The Plaintiff's right to due process of law should not have been prejudiced simply because the Defendant claimed to have recently obtained counsel, particularly when the instructions to answer the Complaint—including the applicable deadline—were clearly provided to the Defendant at the time of service. The procedural rules apply directly to the parties, and it is the Defendant's responsibility to comply with court deadlines regardless of when it chooses to retain legal representation. Allowing a party to avoid its obligations based on internal decisions about counsel undermines the fairness and integrity of the judicial process and is inconsistent with the due process protections guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution.

15. In response to Plaintiff's Motion for Reconsideration and Motion to Vacate, the Defendant asserted that the delay in response was due in part to the Plaintiff's "lengthy complaint." However, if the length of the Complaint were truly the cause of the delay, this should have been clearly stated as the

7

basis for "excusable neglect," rather than the reasons initially provided—namely, that counsel had "recently been assigned to the case" and was "out of the country on vacation" beginning on the final day of the 21-day deadline, June 9, 2025.

16. The Plaintiff's Complaint—described as "lengthy" by both Defendant's counsel and the Magistrate Judge—was served on May 19, 2025. Its length was thus apparent upon receipt and could not have been unexpectedly discovered around June 6, 2025, as the Defendant suggests. Consequently, the belated reliance on this justification, raised only after the Plaintiff filed his Motions for Reconsideration and to Vacate, is unpersuasive and lacks credibility.

17. Moreover, under Fed. R. Civ. P. 6(b)(1)(A), the Court—having prior knowledge of the Complaint's length—had the discretion to grant an extension of time *sua sponte*, without the need for a motion. Because the Plaintiff proceeded *pro se*, his Complaint was subject to initial review by the Magistrate Judge, including an assessment of whether it failed to state a claim upon which relief could be granted or lacked subject-matter jurisdiction. As such, the Magistrate Judge was fully aware of the Complaint's length and could have, from the outset, extended the Defendant's time to respond pursuant to Rule 6(b)(1)(A), even absent a formal request by the Defendant.

Accordingly, raising the length of the Complaint as a justification only after the Plaintiff filed his Motions for Reconsideration and to Vacate does not reflect a good-faith basis for the extension. Rather, it appears to be an after-the-fact rationalization—akin to pulling a rabbit out of a hat, which was

8

unfairly accepted by the Magistrate Judge.

18. The U.S. Supreme Court defined "excusable neglect" under Rule 60(b)(1) and similar contexts. It holds that the test is equitable and requires considering **all** relevant circumstances, including: **(i)** the danger of prejudice to the opposing party; **(ii)** the length of the delay and its potential impact on judicial proceedings; **(iii)** the reason for the delay, including whether it was within the reasonable control of the movant; and **(iv)** whether the movant acted in good faith. See *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993)*.

19. However, the Magistrate Judge granted the Defendant's request for an extension within two hours of its submission, without providing the Plaintiff a fair opportunity to respond. Notably, the Defendant's motion expressly acknowledged that the Plaintiff objected to the extension, yet the Court granted the request without considering—let alone hearing—the substance of those objections.

20. In contrast, the Plaintiff's Motion for Reconsideration and Motion to Vacate, filed on June 9, 2025, were not addressed until four (4) months later, on October 7, 2025 [ECF No. 33], at which time the Court denied all relief sought by the Plaintiff. The granting of one party's request within two-hours, but denying the other party's objections to the request after four months itself, insinuates unfairness. Additionally, the Plaintiff filed Motions to Strike certain filings submitted by individuals who were neither counsel of record nor had properly appeared before the Court. The Plaintiff acknowledges that he did not object to the Motion for Admission *Pro Hac Vice* or to any filings submitted by that admitted counsel, as mentioned by

the Magistrate Judge- as those were procedurally proper and in accordance with the applicable rules. However, filings submitted by individuals not admitted to the case, or not signed by counsel of record, are improper and should not have been accepted by the Court. The Plaintiff's Motions to Strike, filed on this basis, were also denied. This disparate treatment—particularly when viewed in light of the delayed rulings on Plaintiff's motions—reflects unwarranted prejudice, a denial of due process, and creates an appearance of judicial bias against the Plaintiff.

21. On the final day of its 21-day extension, the Defendant filed a Motion to Dismiss for Failure to State a Claim on June 30, 2025 [ECF No. 22]. The Plaintiff filed his response with the Court on August 1, 2025 [ECF No. 25], to which no ruling has been made to date and further prolonging this case and unduly prejudicing the Plaintiff of due process.

22. In denying the Plaintiff relief, the Magistrate Judge asserted that the Plaintiff had misunderstood Fed. R. Civ. P. 60(b), stating that the Rule applies only to final orders. The Plaintiff respectfully acknowledges this interpretation and requests that the Court excuse his misunderstanding. Rule 60(b)(1) explicitly provides for relief based on "excusable neglect," and the Plaintiff was under the good-faith impression that the order granting the Defendant's motion for extension constituted a "proceeding" within the meaning of the Rule.

The title of Rule 60 refers broadly to "Relief from a Judgment or Order," and subsection (b) is labeled "Grounds for Relief from a Final Judgment, Order, or Proceeding." The Plaintiff reasonably believed that the term "final" did not necessarily modify each of the listed terms—"judgment," "order," and

"proceeding"—especially in the context of ongoing civil litigation where many orders and proceedings occur prior to final judgment. Accordingly, the Plaintiff's interpretation, while mistaken, was made in good faith and should be considered excusable under Rule 60(b)(1). Moreover, the Magistrate Judge's Order granting the extension was "final," as nothing else followed the Order. The Plaintiff inadvertently assumed that the Rule he used was appropriate.

23. The Plaintiff acknowledges that he is not an attorney and does not possess the same familiarity with the Federal Rules of Civil Procedure as would be expected of legal counsel or the Court. However, this lack of legal expertise should not operate to the Plaintiff's detriment. As a citizen, the Plaintiff is entitled to a fair trial and the protections of due process, which necessarily include a fair and impartial pretrial process. Based on the proceedings thus far, the Plaintiff has reason to believe that the pretrial process has not been conducted in a manner consistent with these constitutional guarantees. Therefore, any suggestion that the Plaintiff is merely unwilling to accept the Court's rulings is inaccurate. To the contrary, the Plaintiff fully accepts and respects the authority of the Court and will accept any ruling or order that is fair, impartial, and grounded in law.

**WHEREFORE**, for the foregoing reasons. Plaintiff respectfully requests that the District Court reverse the Magistrate Judge's Order and strike filings by any motion not signed by counsel of record or grant appropriate relief.

Dated: October 17, 2025

Respectfully submitted,