UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JERMAINE BILLIE,<br><br>                Plaintiff,<br>v.<br><br>CREDENCE RESOURCE<br>MANAGEMENT, LLC,<br><br>                Defendant. | 2:25-CV-00861-BHH-MGB |

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

Defendant, Credence Resource Management, LLC ("CRM"), by and through undersigned counsel, opposes Plaintiff's Objection to Magistrate Judge's Order (Doc. 34) (the "Objection"). Plaintiff's Objection is frivolous and should be overruled.

**INTRODUCTION**

Plaintiff's Objection is unfounded and simply demonstrates his unhappiness with the Court's decision. Plaintiff is inundating Defendant and the Court with meritless and improper filings in the hope sheer volume will substitute for substance. In short, the Magistrate Judge's Order (Doc. 34) denying Plaintiff's Motion for Reconsider (Doc. 14) and Motion for Sanctions (Doc. 15) was both correct and well within the Court's discretion to control its docket. Plaintiff offers no legitimate basis for reconsideration under Fed. R. Civ. P. 72(a), and his Objection should be overruled in its entirety.

**STANDARD OF REVIEW**

Rule 72(a) allows magistrates to hear and issue orders on nondispositive pretrial matters. Fed. R. Civ. P. 72(a); *Washington v. Follin*, 2016 U.S. Dist. LEXIS 45030 at *17

1

(D.S.C. 2016). A federal magistrate judge has "broad discretion to regulate nondispositive matters." *United States upon relation of Tennessee Valley Auth. v. Easement & Right-of-Way Over 0.98 Acres of Land*, No. 3:24-CV-00037-DCLC-DCP, 2025 WL 2472731, *3 (E.D. Tenn. Aug. 26, 2025) (quoting *Diorio v. TMI Hosp.*, No. 4:15-cv-1710, 2017 WL 1399869, *2 (N.D. Ohio Apr. 19, 2017)). When reviewing a magistrate judge's order on a nondispositive issue, the court cannot "modify or set aside any portion of the magistrate judge's order unless the magistrate judge's decision was 'clearly erroneous or contrary to law.'" Everett v. Prison Health Servs., 412 Fed. Appx. 604 at n.2 (4th Cir. 2011) (citing Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)).

A magistrate's order is clearly erroneous only when the reviewing court considering the entire evidence is "left with the definite and firm conviction that a mistake has been committed." *Jenkins v. Simmons*, 2012 U.S. Dist. LEXIS 43466 at *3 (D.S.C. 2012) *quoting United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Attard Indus. v. United States Fire Ins. Co.*, 2010 U.S. Dist. LEXIS 80785 at *5 (E.D. Va. 2010) *quoting DeFazio v. Wallis*, 459 F.Supp.2d 159, 163 (E.D.N.Y. 2006). The Court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

## **ARGUMENT**

Plaintiff complains the Magistrate should not have granted CRM's Motion for extension of time to respond to Plaintiff's Complaint (Doc. 11) because CRM failed to allege good cause and because Plaintiff was not given sufficient time to oppose CRM's Motion to Extend. (Doc. 43

at ¶¶ 5-9). Plaintiff claims he has been prejudiced but fails to state how he has been prejudiced by the extension. *See generally* Doc. 43

In the early stages of litigation, courts routinely grant timely motions for extension of time without allowing response from the opposing side. *See e.g. Hogue v. United States*, 2016 U.S. Dist. LEXIS 185984 at *2 (M.D.N.C. 2016); *Webb v. Kline,* 2022 U.S. Dist. LEXIS 88570 at *3-4 (D. Md. 2022). Here, CRM properly noted Plaintiff's objection to the request and its reasons for the request including counsel's vacation and the need to continue investigating the claim. *See* Doc. 11. To date, no case management Order has been entered and discovery has not commenced, thus Plaintiff has not been prejudiced by the brief and routine 21-day extension. Further, the Magistrate issued a Report and Recommendation (Doc. 35) recommending the Court grant CRM's Motion to Dismiss (Doc. 22). The magistrate determined Plaintiff lacked standing to bring his Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 et seq., Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 et seq. and South Carolina Consumer Protection Act ("SCCPA") claims. *See generally* Doc. 35. As such, until the Court rules on the Report and Recommendation, Plaintiff cannot continue to prosecute his claim.

Plaintiff also complains the Magistrate denied his Motion to Strike CRM's Motion to Dismiss because it was signed by "individuals who were neither counsel of record nor has properly appeared before the Court." Rule 11(a) requires pleadings, motions, and other papers filed with the court to be signed by at least one attorney of record. Fed. R. Civ. P. 11(a).

Plaintiff fails to identify who the "individuals" are but CRM's Motion to Dismiss was signed by Donald Jay Davis, Jr. and Michelle L. Sanginiti. Donald Jay Davis, Jr. and Matthew Oliver Riddle are attorneys admitted to practice before this Court and appear on the docket as counsel for CRM. Further, Michelle L. Sanginiti's Motion to Appear Pro Hac Vice (Doc. 18) was

granted on June 26, 2025 (Doc. 21), and she is also listed as attorney of record on the docket. Plaintiff's argument the Court should strike CRM's Motion to Dismiss because it was not signed by an attorney of record completely lacks merit and his objection to the Magistrate's Order denying the Motion to Strike should be denied.

## CONCLUSION

For all of the foregoing reasons, the Court should overrule Plaintiff's Objection to Magistrate Judge's Order.

Dated: November 3, 2025

Respectfully submitted,

*/s/ D. Jay Davis, Jr.*
D. Jay Davis, Jr. (Fed. I.D. No. 6723)
Matthew O. Riddle (Fed. I.D. No. 12239)
Clement Rivers, LLP
P.O. Box 993 Charleston, SC 29402
Phone: (843) 720-5406
jdavis@ycrlaw.com
mriddle@ycrlaw.com

*/s/ Michelle L. Sanginiti*
Michelle L. Sanginiti, Esq.
**Admitted Pro Hac Vice**
Sessions, Israel & Shartle, LLC
5 Caton Circle
Newtown, PA 18940
Telephone: (267) 996-3010
Facsimile: (877) 334-0661
Email: msanginiti@sessions.legal

*Counsel for Defendant,*
*Credence Resource Management, LLC*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2025, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Southern District of South Carolina, Columbia Division and served USPS to the following:

**Jermaine Billie**
**355 Bradley Bend Drive**
**Moncks Corner, Berkeley SC 29461**

                                          CLEMENT RIVERS, LLP

                                          */s/ D. Jay Davis, Jr.*