UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JERMAINE BILLIE,<br><br>    Plaintiff,<br><br>v.<br><br>CREDENCE RESOURCE MANAGEMENT, LLC,<br><br>    Defendant. | 2:25-CV-00861-BHH-MGB |

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

  Defendant, Credence Resource Management, LLC ("CRM"), by and through undersigned counsel, oppose Plaintiff's Objection to Magistrate Judge's Report and Recommendation (the "Objection"). This Court should adopt the Report & Recommendation (Doc. 35) (the "R&R") recommending dismissal of Plaintiff's Complaint with prejudice.

**INTRODUCTION**

  Plaintiff's Objection is unfounded and misinterprets the law. Plaintiff's objections largely consist of conclusory statements arguing the magistrate failed to apply proper legal standards and misinterpreted the FDCPA and FFCRA. The R&R appropriately reviewed CRM's Motion to Dismiss under Rules 12(b)(1) and (b)(6). The magistrate liberally construed Plaintiff's Complaint without assuming facts not in evidence determining Plaintiff failed to allege a concrete harm and, therefore, lacked standing. The Court should adopt the magistrate's R&R in whole.

**STANDARD OF REVIEW**

  The filing of an objection to a magistrate's report and recommendation requires the District Court Judge to review the objected to portions of the report and recommendation de novo. 28

1

U.S.C. § 636(b)(1)(C); *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The district court must provide "independent reasoning tailored to the objection" but need not provide elaborate or lengthy explanations. *Cruz v. Marshall*, 673 Fed. App. 296, 299 (4th Cir. 2016). General or conclusive objections need not be addressed by the court. *Tessler v. NBC Universal, Inc.*, 2009 U.S.Dist. LEXIS 27345 at *6 (E.D. Va. 2009). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## ARGUMENT

### I.     The Magistrate Applied Proper Legal Standards

Plaintiff argues the magistrate failed to view Plaintiff's well-pleaded facts as true and construe them in his favor. (Doc. 45 at p. 2). In that same vein, Plaintiff argues the magistrate failed to consider facts plead in his Opposition to CRM's Motion to Dismiss. (Doc. 45 at p.3). Plaintiff is wrong.

Plaintiff argues the magistrate employed a standard of review under Rule 56 rather than construing the facts in favor of Plaintiff when reviewing the Motion to Dismiss; however, Plaintiff fails to support his argument with any specific instances where the R&R construed facts in favor of CRM over Plaintiff. (Doc. 45 at p. 2). The magistrate clearly set forth the legal standard used in her R&R and clearly assumed the truth of all allegations plead by Plaintiff. *See generally* Doc. 35. Because Plaintiff failed to specify any instance of the magistrate construing factual allegations in favor of CRM, this objection should not be considered.

The magistrate clearly set forth in her R&R that Plaintiff's Complaint should be liberally construed and held to a less stringent standard. (Doc. 35 at p. 7). To liberally construe a complaint filed by a pro se party means that "if the court can reasonable read the pleadings to state a valid

2

claim on which the plaintiff counsel prevail, it should do so." *Findley v. South Carolina*, 2025 U.S. Dist. LEXIS 130097 at *13 (D.S.C. 2025). However, liberal construction *does not* mean courts should "ignore a clear failure in the pleading to allege facts that set forth a claim." *Id*. (*citing Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

      Here, the magistrate determined Plaintiff failed to allege a cognizable injury because he failed to allege his credit report was viewed by any third-party creditors (Doc. 35 at p. 11) or establish his frustration and emotional distress in anything more than a conclusory manner (Doc. 35 at p. 12). No matter how liberally the magistrate were to view Plaintiff's Complaint, she cannot infer or invent damages incurred by Plaintiff without any explanation by Plaintiff. The court should therefore deny the Plaintiff's objection and adopt the magistrate's R&R in full.

    **II.    This Court Lacks Subject Matter Jurisdiction Because Plaintiff Suffered No Actual Injury**

      Plaintiff argues he satisfied the requirements for Article III standing, despite the magistrate's recommendation that his FDCPA and FCRA claims be dismissed for lack of standing. Plaintiff argues a decrease in his FICO credit score by 77 and 78 points is sufficient to confer standing. However, Plaintiff ignores the requirement that the alleged injury must result in real, concrete harm, and has failed to plead this element of his claim. As a result, the court should adopt the Magistrate's R&R in full and Plaintiff's Complaint should be dismissed with prejudice.

      To establish an injury in fact, the plaintiff must show that he suffered an "an invasion of a legally protected interest" that is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Laufer,* 60 F.4th at 161, *quoting Lujan*, 504 U.S. at 560-61. A concrete injury means the injury "must actually exist." *Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016). For an injury to be particularized, it must affect the plaintiff in a personal and individual way. *Lujan*, 504 U.S. at 560. Simply alleging a bare procedural violation is not sufficient to establish the

concrete-harm requirement. *Spokeo*, 136 S. Ct. at 1550. Further, a "threatened injury must be *certainly impending* to constitute an injury in fact," and "allegations of *possible* future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1141 (2023) (*quoting Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)).

"Whether an injury in fact is 'concrete' depends on the kind of harm alleged." *Huff v. TeleCheck Services, Inc.*, 925 F.3d 458, 464 (6th Cir. 2019). "[T]raditional tangible harms, such as physical and monetary harms will readily qualify as concrete injuries under Article III." *Spokeo¸* 136 S.Ct. at 1540. Further, "[v]arious intangible harms can also be concrete." *TransUnion*, 141 S. Ct. at 2204.

"To decide whether intangible injuries are sufficiently 'concrete,' a court must consider 'both history and the judgment of Congress.'" *Huff*, F.3d at 464 *(citing Spokeo*, 136 S.Ct. at 1549). And with respect to the concrete-harm requirement in particular, courts should assess whether the alleged injury to the plaintiff has a "close relationship" to a harm "traditionally" recognized as providing a basis for a lawsuit in American courts. *Spokeo*, 578 U. S. at 341; *Ward v. Nat'l Patient Account Svcs. Solutions, Inc.*, 9 F.4th 357 (6th Cir. August 16, 2021). That inquiry asks whether plaintiffs have identified a close historical or common-law analogue for their asserted injury. *Id*. While this standard "does not require an exact duplicate in American history and tradition," it is "not an open-ended invitation for federal courts to loosen Article III based on contemporary, evolving beliefs about what kinds of suits should be heard in federal courts." *TransUnion*, 141 S. Ct. at 2204. Put another way, the statutory remedy being pursued must bear some relationship to a traditional or common law harm the statute is intending to redress.

"Whether an injury in fact is 'concrete' depends on the kind of harm alleged." *Huff v. TeleCheck Services, Inc.*, 925 F.3d 458, 464 (6th Cir. 2019). "[T]raditional tangible harms, such

4

as physical and monetary harms will readily qualify as concrete injuries under Article III." *Spokeo*, 136 S.Ct. at 1540. Further, "[v]arious intangible harms can also be concrete." *TransUnion*, 141 S. Ct. at 2204.

Here, Plaintiff alleges that, as a result of CRM reporting the AT&T account on his credit report, his credit score was reduced by 77 or 78 points.[1] (Doc. 1 at ¶ 29). To succeed on a theory that that his reduced credit score caused him to be disadvantaged, he must show that the harm "materialized" or that he was harmed by the reduced credit score. *Evans v. American Collection Enterprise*, 624 F.Supp.3d 593, 601 (D. Md. 2022). However, Plaintiff failed, and still fails, to identify any harm caused by his reduced credit score. *See e.g. Dreher v. Experian Information Solutions, Inc.*, 856 F.3d 337, 347 (4th Cir. 2017) (determining the plaintiff lacked standing because she suffered no real harm or concrete injury from allegedly incomplete or incorrect information on her credit report).

"[A]bsent allegations that the score was disseminated to a third party, or specific allegations describing how the score detrimentally affected his ability to participate in the marketplace, an artificially reduced credit score alone does not constitute a concrete injury after *TransUnion*." *Evans v. American Collection Enterprise,* 624 F.Supp.3d at 601. Just like the plaintiff in *Evans*, here, Plaintiff alleged his credit score was reduced but fails to allege that his credit report was distributed to any prospective or current creditor, that he failed to receive credit, or received less favorable credit terms as a result of his reduced credit score. *See generally* Doc. 1 and Doc. 45 at p. 7. Accordingly, the court should overrule Plaintiff's objection, adopt the Magistrate's R&R in full, and dismiss Plaintiff's Complaint with prejudice.

---

[1] CRM denies that the it reporting the AT&T account was the sole reason for the reduction in Plaintiff's credit report, but assumes this allegation is true for the purposes of this Motion.

**CONCLUSION**

For all of the foregoing reasons, the Court should overrule Plaintiff's Objection and adopt the Magistrate Judge's Report and Recommendation in Whole.

Dated: November 14, 2025         Respectfully submitted,

<div style="margin-left: 3em;">

*/s/ Matthew O. Riddle*
D. Jay Davis, Jr. (Fed. I.D. No. 6723)
Matthew O. Riddle (Fed. I.D. No. 12239)
Clement Rivers, LLP
P.O. Box 993 Charleston, SC 29402
Phone: (843) 720-5406
jdavis@ycrlaw.com
mriddle@ycrlaw.com

*/s/ Michelle L. Sanginiti*
Michelle L. Sanginiti, Esq.
**Admitted Pro Hac Vice**
Sessions, Israel & Shartle, LLC
5 Caton Circle
Newtown, PA 18940
Telephone: (267) 996-3010
Facsimile: (877) 334-0661
Email: msanginiti@sessions.legal

*Counsel for Defendant,*
*Credence Resource Management, LLC*

</div>