IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jermaine Billie, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:25-cv-00861-BHH |
| v. | ) | |
| | ) | **<u>Order</u>** |
| Credence Resource Management LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

*Pro se* Plaintiff Jermaine Billie ("Plaintiff") filed this civil action against Defendant Credence Resource Management, LLC ("Defendant"), asserting violations of the Fair Debt Collection Practices Act ("FDCPA"), Fair Credit Reporting Act ("FCRA"), Telephone Consumer Protection Act ("TCPA"), and South Carolina state law.  (ECF No. 1.) Pursuant to the provisions of Title 28, United States Code § 636(b)(1)(A), and the Local Rules, D.S.C., this matter was referred to a United States Magistrate Judge for preliminary consideration.

Now before the Court is Defendant's motion to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 22.) Therein, Defendant asserts that Plaintiff's claims must be dismissed because (1) Plaintiff fails to allege a concrete, actual injury or harm resulting from Defendant's alleged conduct, and (2) Plaintiff fails to plead facts to state a cause of action under the FCRA, TCPA, or the South Carolina Consumer Protection Code ("SCCPA"). (ECF No. 22-1 at 2.) Plaintiff filed a response in opposition. (ECF No. 25.)

On October 15, 2025, United States Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Defendant's motion to dismiss and dismiss in full Plaintiff's case. (ECF No. 35.) Specifically, the Magistrate Judge found that Plaintiff lacks standing to bring his FCRA, FDCPA, and SCCPA claims because he failed to show a concrete injury to confer standing and that Plaintiff's complaint fails to allege a TCPA claim upon which relief may be granted. (*Id.* at 14.)

Plaintiff filed objections to the Report, and Defendant filed an opposition to Plaintiff's objections. (ECF Nos. 45, 48.)

### Standard of Review

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**Discussion**

The Report sets forth the relevant fact allegations and standards of review, and no party objects to these portions of the Report. Accordingly, the Court incorporates those factual allegations and standards of review without a recitation.

Plaintiff's objections begin with a "preliminary statement," which contains no specific objections to Report, followed by general complaints that the Magistrate Judge mistakenly applied a summary judgment standard, failed to liberally construe his pleadings as a *pro se* litigant, and failed to consider Plaintiff's response to Defendant's motion to dismiss. (ECF No. 45 at 1-3.) Plaintiff then complains that the Magistrate Judge recommends dismissal before discovery. (*Id.* at 3.) A review of the Report, however, reveals that the Magistrate Judge correctly applied the legal standards set forth in her Report and assumed the truth of, and liberally construed all allegations pleaded by Plaintiff. Thus, the Court finds no merit to these general objections.

Plaintiff's next objections are that the Magistrate Judge inaccurately interpreted the FCRA, and "disregarded Spokeo, Inc. v. Robins and TransUnion LLC v. Ramirez, which both hold that Congress may elevate intangible harms – such as invasions of statutorily protected interests – to the status of concrete injuries under Article III." (ECF No. 45 at 4, 6-7.)  However, a review of the Report reveals just the opposite. Indeed, the Magistrate Judge closely examined Plaintiff's allegations of harm due to Defendant's purported FCRA and FDCPA violations and applied the relevant law, which notably included both *Spokeo* and *TransUnion*. (ECF No. 35 at 10-12.) After *de novo* review, the Court finds that the Report's standing analysis is supported by the law and is without error. The Court also cannot ascertain a concrete injury for violations of the FCRA, FDCPA, and SCCPA or an

actionable TCPA claim from Plaintif's conclusory allegations. Accordingly, the Court overrules these objections.

## Conclusion

Based on the foregoing, the Court **adopts and specifically incorporates** the Magistrate Judge's Report (ECF No. 35); **overrules** Plaintiff's objections (ECF No. 45); and **grants** Defendant's motion to dismiss. (ECF No. 22.) Accordingly, this matter is dismissed in full.

**IT IS SO ORDERED.**

 /s/ Bruce Howe Hendricks
United States District Judge

March 6, 2026
Charleston, South Carolina